CAUSE NO. **C-4930-16-G**

| | | |
|---|---|---|
| **ALEJANDRO RODRIGUEZ** | § | **IN THE DISTRICT COURT** |
| **D/B/A THE DOLPHIN MOTEL &** | § | |
| **RV PARK,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **COLONY INSURANCE COMPANY,** | § | |
|     **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW** Alejandro Rodriguez d/b/a The Dolphin Motel & RV Park (hereinafter "Plaintiff"), and complains of Colony Insurance Company (hereinafter "Colony"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

    1.    Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Donna, in Hidalgo County, Texas.

Case 7:17-cv-00205 Document 1-3 Filed in TXSD on 05/26/17 Page 2 of 13

C-4930-16-G

Electronically Filed
10/31/2016 10:45:49 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## PARTIES

3.     Plaintiff is an individual whose residence is located in Donna, Hidalgo County, Texas.

4.     Colony Insurance Company is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case. Colony may be served with Citation and a copy of this Petition, by serving it through its attorney for services at its principal address, National Registered Agents Inc., 350 North Saint Paul Street Suite 2900, Dallas TX 75201-4234, or wherever it may be found.

## BACKGROUND

5.     This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 2301 E. Highway 83, Donna, TX 78537 (the "Property").  In addition to seeking economic and penalty based damages from Colony, Plaintiff also seeks compensation from Colony for damages caused by improperly investigating the extensive losses associated with this case.

6.     Plaintiff owns the Property.

7.     Prior to the occurrence in question, Plaintiff purchased a commercial insurance policy from Colony to cover the Property at issue in this case for a loss due to storm-related events.  Plaintiff's Property suffered storm-related damage. Through his commercial policy, MP3989909, Plaintiff was objectively insured for the subject loss by Defendant.

8.     On or around April 24, 2015, the Property suffered incredible damage due to storm related conditions.

Case 7:17-cv-00205 Document 1-3 Filed in TXSD on 05/26/17 Page 3 of 13

Electronically Filed
10/31/2016 10:45:49 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-4930-16-G

9.  In the aftermath, Plaintiff relied on Colony to help begin the rebuilding process. By and through his commercial policy, Plaintiff was objectively insured for the subject losses in this matter.

10. Pursuant to its obligation as a policyholder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, its commercial policy covered Plaintiff during the time period in question.

11. Despite Plaintiff's efforts, Colony continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12. Moreover, Colony has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13. In the months following, Plaintiff provided information to Colony, as well as provided opportunities for Colony to inspect the Property. However, Colony failed to conduct a fair investigation into the damage to the Property. Moreover, Colony failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14. Despite Colony's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Colony. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Colony failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

Case 7:17-cv-00205   Document 1-3   Filed in TXSD on 05/26/17   Page 4 of 13

C-4930-16-G

Electronically Filed
10/31/2016 10:45:49 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

15. Colony has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Colony has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Colony did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16. Colony has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Colony in a timely manner.

17. Colony has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Colony that failed to conduct a reasonable investigation. Ultimately, Colony performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18. Colony has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19. As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Colony. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20. In addition, Colony has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the

Case 7:17-cv-00205   Document 1-3   Filed in TXSD on 05/26/17   Page 5 of 13

C-4930-16-G

Electronically Filed
10/31/2016 10:45:49 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21. All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22. All acts by Colony were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Colony and/or were completed in its normal and routine course and scope of employment with Colony.

## CLAIMS AGAINST DEFENDANT

23. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### BREACH OF CONTRACT

24. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25. According to the policy that Plaintiff purchased, Colony had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

26. As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

Case 7:17-cv-00205   Document 1-3   Filed in TXSD on 05/26/17   Page 6 of 13

C-4930-16-G

Electronically Filed
10/31/2016 10:45:49 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

27. Despite objective evidence of such damages, Colony has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## B.
## VIOLATIONS OF TEXAS INSURANCE CODE

28. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

29. Colony's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically, Colony engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

    a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

    d.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

    e.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

  f.  Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

30. Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Colony, and Plaintiff relied upon these unfair or deceptive acts or practices by Colony to his detriment. Accordingly, Colony became the insurer of Plaintiff.

31. As a direct and proximate result of Colony's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

32. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Colony's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Colony having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Colony having intentionally committed such conduct.

33. As a result of Colony's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

Case 7:17-cv-00205 Document 13-16 Filed in TXSD on 05/26/17 Page 8 of 13

C-4930-16-G

Electronically Filed
10/31/2016 10:45:49 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## C.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

34. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

35. By its acts, omissions, failures and conduct, Colony has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

36. Colony has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Colony knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Colony is a proximate cause of Plaintiff's damages.

## WAIVER AND ESTOPPEL

37. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

38. Colony has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

39. Colony's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

Case 7:17-cv-00205 Document 1-9 Filed in TXSD on 05/26/17 Page 9 of 13

C-4930-16-G

Electronically Filed
10/31/2016 10:45:49 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

40. More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.00. This damage range includes all actual and consequential damages suffered by Plaintiff, along with attorneys fees, recoverable costs of court with fees and interest available under the above included causes of action in this matter.

## ADDITIONAL DAMAGES & PENALTIES

41. Colony's conduct was committed knowingly and intentionally. Accordingly, Colony is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

42. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

43. Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

44. Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Colony disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

Case 7:17-cv-00205 Document 1-3 Filed in TXSD on 05/26/17 Page 10 of 13

C-4930-16-G

Electronically Filed
10/31/2016 10:45:49 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## REQUEST FOR PRODUCTION

45. Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

   a. Please produce Colony complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

   b. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

   c. Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

   d. Please produce the electronic diary, including the electronic and paper notes made by Colony claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

   e. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

   f. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

   g. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

   h. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

   i. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Colony intends to offer these items into evidence at trial.

Case 7:17-cv-00205 Document 1-3 Filed in TXSD on 05/26/17 Page 11 of 13

C-4930-16-G

Electronically Filed
10/31/2016 10:45:49 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## INTERROGATORIES

46. Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

   a. Please identify any person Colony expects to call to testify at the time of trial.

   b. Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

   c. If Colony or Colony's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Colony or any of Colony's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

   d. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Colony's investigation.

   e. Please state the following concerning notice of claims and timing of payment:

       i. The date and manner in which Colony received notice of the claim;
       ii. The date and manner in which Colony acknowledged receipt of the claim;
       iii. The date and manner in which Colony commenced investigation of the claim;
       iv. The date and manner in which Colony requested from the claimant all items, statements, and forms that Colony reasonably believed, at the time, would be required from the claimant; and
       v. The date and manner in which Colony notified the claimant in writing of the acceptance or rejection of the claim.

   f. Please identify by date, amount and reason, the insurance proceed payments made by Colony, or on Colony's behalf, to the Plaintiff.

   g. Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

Case 7:17-cv-00205 Document 1-3 Filed in TXSD on 05/26/17 Page 12 of 13

C-4930-16-G

Electronically Filed
10/31/2016 10:45:49 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

 h. When was the date Colony anticipated litigation?

 i. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Colony's document retention policy.

 j. Does Colony contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

 k. Does Colony contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

 l. Does Colony contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

 m. How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

  i. what performance measures are used; and
  ii. describe Colony's bonus or incentive plan for adjusters.

## **CONCLUSION**

Plaintiff prays that judgment be entered against Colony Insurance Company, and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## **PRAYER**

Case 7:17-cv-00205 Document 1-3 Filed in TXSD on 05/26/17 Page 13 of 13

C-4930-16-C

Electronically Filed
10/31/2016 10:45:49 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Colony Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

### THE VOSS LAW FIRM, P.C.

/s/  *Scott G. Hunziker*
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**